UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Faith S. Hochberg, U.S.D.J. |
| v. | |
| ASHISH PAUL | Crim. No. 06-773 |

**AMENDED RESTITUTION ORDER**

The Court finds that Count 6 of the Indictment, the offense of conviction, is an offense committed by fraud or deceit within the meaning of 18 U.S.C. § 3663A(c)(1)(ii). The Court therefore must order, in accordance with 18 U.S.C. § 3663A(a)(1), that the defendant make restitution. The Court finds, and the parties have agreed pursuant to 18 U.S.C. § 3663A(a)(3), that restitution in the amount of $1,600,000.00 to the entities listed on Attachment A is appropriate.

The Court further finds from the statement of financial condition in the PSR and in accordance with 18 U.S.C. § 3664(F)(3)(B), that the economic circumstances of the defendant do not allow for the payment of the full amount of a restitution order in the foreseeable future while the defendant is incarcerated under any reasonable schedule of payments.

Therefore, it is Ordered that:

The defendant shall make restitution totaling $1,600,000.00 to the entities listed on the attached Schedule A.

Payments of restitution are to be made payable to the U.S. Treasury and mailed to Clerk, U.S. District Court, District of New Jersey, 402 East State Street, Rm 2020, Trenton, New Jersey

08608 for distribution to the victims. Any payment shall be divided proportionately and in equal amounts among the payees named on attachment A until the debt to the payees is satisfied.

Restitution is due immediately and shall be paid in monthly installments of $200. Payments shall begin no later than07/30/2008. Any interest required pursuant 1018 U.S.C. § 3612(f)(1) is waived..

Pursuant to 18 U.S.C. § 3664(k), at the conclusion of defendant's incarceration, the Count may reevaluate the defendant's economic circumstances that might affect his ability to pay restitution and increase or decrease the restitution amount.

The defendant shall otherwise notify the Court and the Attorney General or any material change in the defendant's economic circumstances that might affect his ability to pay restitution. Nothing in this order shall estop defendant from denying in any subsequent Federal civil proceeding or State civil proceeding the allegation that he participated in a conspiracy to induce banks and corporate lending institutions to enter into lease financing contracts to pay for telephone and computer equipment and call lists that did not exist. Defendant did not plead guilty to such conduct and it does not form the basis of this Restitution Order.

SO ORDERED.

_____
HON. FAITH S. HOCHBERG
United States District Judge

**Attachment A**

All Points Capital
c/o Katherine Ash, Esq.
Troutman Sanders LLP
405 Lexington Avenue
New York, NY 10174

CIT Group
c/o Malani J. Sternstein, Esq.
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Place, 24th Floor
New York, NY 10112

CitiCapital Technology Finance
c/o William G. Wright, Esq.
Farr, Burke, Bambacorta & Wright
100 Atrium Way, Suite 401, P.O. Box 669
Mt. Laurel, New Jersey 08054

DB Zwirn Special Opportunities Fund LLC
c/o Eric S. Rein, Esq.
Schwartz Cooper Chartered
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601

GE Capital Corporation
c/o Scott S. Christie, Esq.
McCarter & English LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

IBM Credit LLC
c/o John C. Kilgannon, Esq.
Stevens & Lee
1818 Market Street, 29th Floor
Philadelphia, PA 19103

Universal Equipment Leasing Co.
Kelly A. Woodruff, Esq.
Arella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104